**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

RAJA RAJAN,                                              **)**
Plaintiff,                                              **)**
                                                        **)**
v.                                                      **)**
                                                        **)**    No. 2:21-cv-01150-TJS
ALASTAIR CRAWFORD, SHADRON STASTNEY,    **)**
ASAF GOLA, AND KEVIN GOLLOP              **)**    JURY TRIAL DEMANDED

 Defendants,

**<u>MEMORANDUM OF LAW</u>**
**<u>IN RESPONSE TO DEFENDANT</u>**
**<u>STASTNEY'S JURISDICTION MEMORANDUM</u>**


**PRO SE**

Raja Rajan, Pro Se
Email: streamtvnetworkinc@gmail.com
7raja.rajan7@gmail.com


*Pro Se Plaintiff*


Date: October 26, 2021

## Table of Contents

TABLE OF AUTHORITIES ................................................................................................ 3

INTRODUCTION ............................................................................................................... 1

FACTUAL SUMMARY ...................................................................................................... 2

PROCEDURAL BACKGROUND ....................................................................................... 4

LEGAL ARGUMENT ......................................................................................................... 4

     **I.**     **THE SUGGESTION THAT DEFENDANT SHADRON STASTNEY WAS ADDED TO THE LAWSUIT TO DESTROY DIVERSITY OF CITIZENSHIP IS ABSURD** ........................................................................................ 4

     **II.**    **THE IMPORTANCE OF DEFENDANT STASTNEY'S ORCHESTRATION OF THE CONSPIRACY IS WHY DEFENDANT WAS JOINED IN THE LAWSUIT.** ................................................................................................... 8

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

| | |
|---|---|
| *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985) ……………….... | 11 |
| *Castle Cheese, Inc. v. Blue Valley Foods, Inc.*, No. CIV. A. 08-1158, 2008 U.S. Dist. LEXIS 91717, at *4 (W.D. Pa. Nov. 12, 2008) …………………………………………. | 8 |
| *Doe v. Soc'y for Creative Anachronism, Inc.,* Nos. 07-1439, 07-1440, 2007 U.S. Dist. LEXIS 53644 (E.D. Pa. July 23, 2007) …………………………………………………. | 7 |
| *Grafstrom v. Chiquita Brands Int'l, Inc.,* No. 11-387, 2011 U.S. Dist. LEXIS 39957 (E.D. Pa. Apr. 13, 2011) …………………………………………………………………. | 7 |
| *Greenberg v. Macy's*, No. 11-4132, 2011 U.S. Dist. LEXIS 104689 (E.D. Pa. Sep. 14, 2011) …………………………………………………………………………………. | 6 |
| *Hayden v. Westfield Ins. Co.,* 586 F. App'x 835 (3d Cir. 2014) ……………………… | 7-8 |
| *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) ………………………………. | 7 |
| *Jaffe v. Philadelphia & W. R. Co.,* 180 F.2d 1010, 1012-13 (3d Cir. 1950) …………… | 11 |
| *Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.,* No. CIV.A. 93-673, 1993 U.S. Dist. LEXIS 10678, at *3 (E.D. Pa. July 28, 1993) ……………………………………. | 8 |
| *Mecom v. Fitzsimmons Drilling Co., Inc.*, 284 U.S. 183, 189, 52 S. Ct. 84, 87, 76 L. Ed. 233 (1931) ……………………………………………………………………………. | 11 |
| *Montalvo v. Doe, No.* CIV.A. 10-2617, 2010 U.S. Dist. LEXIS 106143, at *9 (E.D. Pa. Oct. 5, 2010, ………………………………………………………………………… | 8 |
| *Moorco Int'l v. Elsag Bailey Process Automation,* 881 F. Supp. 1000, 1006 (E.D. Pa. 1995) …………………………………………………………………………………… | 11 |
| *Mount Olivet Tabernacle Church v. Emerson Elec. Co.,* CIVIL ACTION NO. 96-8529, 1997 U.S. Dist. LEXIS 2053 (E.D. Pa. Feb. 26, 1997) ………………………………… | 10 |
| *Spangenberg v. McNeilus Truck & Mfg.*, No. 18-cv-4915, 2019 U.S. Dist. LEXIS 73677 (E.D. Pa. May 1, 2019) …………………………………………………………... | 14 |
| *Starkey v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:21-CV-00653-MJH, 2021 U.S. Dist. LEXIS 136153 (W.D. Pa. July 21, 2021) ……………………………………………... | 13 |
| *Stewart v. Wal-Mart Distrib. Ctr.*, No. CIV.A. 12-4958, 2013 U.S. Dist. LEXIS 51951 (E.D. Pa. Apr. 11, 2013) …………………………………………………………………. | 8 |

| | |
|---|---|
| **Statutes** | |
| Fed. R. Civ. P 15 Section 1……………………………………………………………. | 4 |

Plaintiff Raja Rajan, Pro Se, respectfully submits this Memorandum of Law in opposition to Defendant Stastney's Memorandum in Response to the Court's Order of October 12, 2021.  The Court ordered further briefing on whether diversity is destroyed by adding Defendant Stastney to the lawsuit after Defendant Stastney asked that additional briefs be submitted before the Court decides that issue.

## **INTRODUCTION**

The primary question in the overall case is whether Defendant Stastney crossed the line of "capitalistic self -interested behavior" to "unfair conduct" that is tortious.   The legal claims in this case are defamation against Defendants Alastair Crawford and Kevin Gollop, abuse of process against Defendant Alastair Crawford, tortious interference against most Defendants including Defendant Stastney and civil conspiracy against all Defendants including Defendant Stastney. The <u>instant</u> issue before the Court is whether this Court can retain federal jurisdiction when a Defendant was added to the case that has the same citizenship as Plaintiff.

Defendant Shadron Stastney is an immoral person who took advantage of anyone that crossed him.  Plaintiff knew of that bad behavior of Defendant Stastney, but it was thought that he was only acting like an unfriendly creditor.  Defendant Stastney asks this Court to ignore his tortious actions and the procedural history in this Court and find his joinder to be fraudulent.

Plaintiff originally thought that Defendant Alastair Crawford was both the mastermind and instigator since he had initially filed a lawsuit against the Plaintiff individually. That lawsuit was/is frivolous, but it was also obvious that it was intended to add pressure on Plaintiff Raja and his family in furtherance of a larger takeover scheme. Defendant Crawford had sent Plaintiff a draft complaint in advance of his actual filing in a Delaware court and threatened to file the lawsuit if Plaintiff did not succumb to his demands.

Defendant Stastney was only added to the lawsuit after his importance to the conspiracy was

learned. It was learned that Defendant Stastney was the mastermind rather than Defendant Crawford and

he also worked with other Defendants Asaf Gola and Kevin Gollop to effectuate seizing the assets of the

Plaintiff's employer Stream TV.   As argued below, this Court no longer has jurisdiction of this case and

the entirety of it should be remanded to Philadelphia State court where it originated.


## **FACTUAL SUMMARY**

Although the factual background of this matter is very complicated and detailed, a summary is

provided herein as most of the facts are not pertinent to the issue of diversity jurisdiction before this

Court.

Plaintiff Raja Rajan's employer, Stream TV Networks, Inc. ("**Stream TV**" or the "**Company**"),

advanced a new revolutionary technology from 2009 to 2020 in-spite of the odds against it before

Defendants sprang into action with their scheme. Shortly after Stream TV was organized, Defendant

Shadron Stastney advanced investment monies in the form of a loan rather than equity capital

investment. He at times acted like a friendly lender and served on Stream TV's Board of Directors. At

other times, he used his senior debt as a "big stick" to get what he wanted. He even threatened to call his

debt when he did not like the proposed firing of an employee of the Company. When he resigned from

Plaintiff's employer, he did so for strategic reasons.   He wrote to the former employee, whose job he

saved, to forewarn him:

on Jan 30, 2020, at 9:18 AM, shad Stastney <sstastney@gmail.com> wrote:

> *Just so you hear it from me, I am going to have to step back as CFO and Vice*
> *chairman/Director today.  I can't both pursue a default on behalf of SLS and continue*
> *to be a fiduciary of the company at the same time, so since they haven't signed yet, I'll*
> *have to step off. This doesn't change the plan at all, just tactics to allow SLS to apply*
> *maximum pressure.(emphasis added)*

The formalization of the "takeover" efforts for the Company was in the form of a contract called

the Omnibus Agreement.  The first draft of that agreement, with the same title, was emailed to Plaintiff

in 2019 by Defendant Crawford from the law firm of Skadden Arps. Apparently, all Defendants, but

specifically Defendant Stastney, orchestrated the execution of the Omnibus Agreement[1] in a clandestine

manner with Defendants Gola and Gollop, who were both joined in this lawsuit at the same time as

Defendant Stastney. The Omnibus Agreement was executed in secret and without Plaintiff's vote or

consent or that of the shareholders of Plaintiff's employer Stream TV.

Defendant Stastney sought to secure Raja's consent or at least his agreement to **not** dispute the

validity of the Omnibus Agreement (Stastney's takeover) even after it had been executed. He offered

Plaintiff a consulting job for a transition period but only if Plaintiff agreed to the Omnibus Agreement

and also secured the consent thereto of his brother Mathu. When Plaintiff brought up the Crawford

lawsuit in settlement discussions, Defendant Stastney's heated frustration was revealed in his own

words:

> Raja, the lawsuit (Alastair Lawsuit) has nothing to do with this agreement.  If you want a global
> settlement, that is the **Omnibus Agreement.** … (emphasis added)

Defendant Stastney's actions are purely of a personal nature.  His actions are way beyond any normalcy

in a business setting and that is why he was joined individually into this lawsuit.  He further wrote after

the Omnibus Agreement in an iMessage Message received from Shad Stastney 5/19/2020 9:15:57 AM

> That was your choice when you backed away from the precious deal. We'll
> need to see in writing agreement to abide by the Omnibus Agreement, and
> then we can discuss terms for the Rajans. They will be worse than the last
> offer—**there are penalties for bad behavior.** (Emphasis added)

Now, Defendant Stastney is the executive Chairman of the Board of the new company he started

with the assets of Plaintiff's employer Stream TV. Defendants Gola and Gollop are also to be made

---

[1] As the Court knows, a court in Delaware ruled the Omnibus Agreement was valid but that decision will soon be up for appeal before the State of Delaware Supreme Court where the issue should be heard de novo. Papers have already been filed requesting an immediate appeal.

directors of that new company.

### **PROCEDURAL BACKGROUND**

Plaintiff Raja Rajan originally filed this action in the Philadelphia Court of Common Pleas, but Defendant Alastair Crawford removed the action to this Federal District Court on or about March 10, 2021.  Defendant Alastair Crawford filed a Motion to Dismiss the Complaint; however, the Complaint was amended by the Plaintiff on or about April 6, 2021.

Plaintiff's amendment of the Complaint was filed under Fed. R. Civ. P 15 Section 1 as matter of right.  That section reads in pertinent part "…*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course…"  Section 2 of that Rule provides for subsequent amendments to be made only with consent of the opposing side or the court.  No objection was filed by any Defendant or raised even by the Court, though Defendant Stastney has been a named party since April 6, 2021.

Defendant Alastair Crawford filed a new Second Motion to Dismiss on or about April 21, 2021. Counsel for Defendant Alastair Crawford and Plaintiff even met and conferred as required by Rule 26 (f) and prepared a joint memorandum of that conference. Defendant Shadron Stastney filed a Motion to Dismiss on or about May 10, 2021.  Defendant Asaf Gola also filed a Motion to Dismiss on or about May 10, 2021. All three of those motions have been fully briefed since June 14, 2021.

### **LEGAL ARGUMENT**

### I.    THE SUGGESTION THAT DEFENDANT SHADRON STASTNEY WAS ADDED TO THE LAWSUIT TO DESTROY DIVERSITY OF CITIZENSHIP IS ABSURD

A brief procedural history is helpful in revealing the amendment was for proper motive. The procedural steps indicate that no one, not even the Court, was aware of the issue of diversity of citizenship was being affected by the addition of Defendant Shadron Stastney to the lawsuit.  The Court only recognized that there may be a jurisdictional problem after months lapsed after the three Motions to

4

Dismiss were briefed.

A simple procedural history that is relevant follows:

- **May 27, 2020-**When the broad legal matter began in the Philadelphia Court of Common Pleas against Alastair Crawford.  In that original case, there were two (2) Plaintiffs: both Mathu Rajan and Raja Rajan.  ("**Original Lawsuit**")

- **February 3, 2021-**Raja Rajan later sought to pursue a lawsuit separate from his brother Mathu and he initiated a new lawsuit with he as the sole Plaintiff. ("**Raja's Lawsuit**"). He was also removed from the Original Lawsuit.

- **March 10, 2021-** That new action, Raja's Lawsuit, was moved to the Federal court system.  That action is docketed at 2:21-cv-01150-JTS

- **April 6, 2021-** The Complaint in Raja's Lawsuit was amended to include the new Defendants Stastney, Gola, and Gollop.  That amendment was prepared and filed in response to a Motion to Dismiss.

- **April 21, 2021-**Defendant Alastair Crawford filed a second Motion to Dismiss, and Plaintiff filed his <u>responsive Brief</u> on or about **May 5, 2021.**

- **May 10, 2021- Defendant Shadron Stastney filed a Motion to Dismiss, and Plaintiff filed his responsive Brief on or about June 14, 2021.**

- **May 10, 2021- Defendant Asaf Gola filed a Motion to Dismiss, and Plaintiff filed his responsive Brief on or about June 14, 2021.**

- **October 12, 2021-This Court ordered briefing on the diversity jurisdiction issue.**

Normally joinder of a party is challenged at the time of the proposed joinder with a claim of "fraudulent joinder."   That did not happen in this case; from when the joinder was filed, accomplished by amendment as a matter of right, six (6) months had passed.  Diversity will be destroyed only if

Defendant can show that the joinder of a party was "fraudulent" and added to defeat diversity jurisdiction; that burden on Defendant is **"heavy."** _Greenberg v. Macy's, No. 11-4132_, _2011 U.S. Dist. LEXIS 104689 (E.D. Pa. Sep. 14, 2011). (emphasis added)_

Defendant Stastney did not challenge the joinder of Stastney on April 6, 2021, when he was joined. He could have made the same arguments he is making now back then but Defendant Stastney did not do so. Instead, Defendant Stastney filed, like the other Defendants, a Motion to Dismiss which was fully briefed by all parties. The obvious reason that jurisdiction was never challenged and over six months lapsed (April 6 to October 12, 2021) is that no one recognized[2] there was a jurisdiction problem, not even Plaintiff. Counsel for Defendant Alastair Crawford and Plaintiff even met and conferred as required by Rule 26 (f) and prepared a joint memorandum of that conference. That would not have happened if there was even an inkling there was a potential jurisdiction problem.

Defendant Stastney concedes that the procedural history reveals that the timing of filings is against his argument that the joinder was fraudulent. He is asking this Court to ignore the obvious procedural facts and rather believe him as to the intent of the joinder in the lawsuit. That argument is non-sensical and clearly desperate. Aside from the obvious fact that no party raised the issue for over six (6) months, Defendant Stastney was only added to the lawsuit because he was recognized as being more central to the conspiracy than originally thought. See Raja Rajan's Affidavit hereto as **Exhibit A**.

Defendant Stastney ignores the obvious logic that if Plaintiff Raja Rajan knew by adding Stastney that federal jurisdictional could be defeated, then logic would dictate he should have stayed in the Original Lawsuit, with his brother, then both could have fought the removal and the whole matter could

---

[2]  It is hard to believe that Defense Counsel recognized that there was potentially a jurisdiction problem and never brought that issue to the Court's attention (six months had lapsed until the Court identified there may be a problem). Defense Counsel instead filed a Motion to Dismiss which must have been very costly to their respective clients. Defense Counsel would not have pursued that legal course had they known there may be any inkling of a jurisdiction problem. Defense Counsel would not have been that unethical.

6

stay in State Court where it originated. Rather, Raja separated himself from the Original Lawsuit and pursued his own lawsuit, the Raja Lawsuit, where diversity jurisdiction is only an issue in his case and not his brother's, the Original Lawsuit. Also, Plaintiff Raja would have challenged jurisdiction earlier in a court filing rather than responding to three (3) Motions to Dismiss. In all of the cases cited herein that is what is exactly done—if jurisdiction is affected by a joinder it is addressed at the time of the joinder, not six months later.

Apparently, some courts balance "equities" in determining when a joinder is fair and appropriate in a lawsuit. In this case, Defendant Stastney is asking this Court to find equities in his favor though he never challenged the joinder or raised a jurisdiction issue while six (6) months lapsed and instead has burdened this Court and all parties with a Motion to Dismiss. All of the Defendants have retained experienced counsel. With the brains of three law firms analyzing the issues in the case, they collectively only filed Motions to Dismiss. All three law firms never raised the issue to the Court. The tests used for improper joinder is articulated outside this Third Circuit, in a case of *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

In all the cases that are cited by Defendant Stastney, joinder was attacked right away. Defendant Stastney is asking this Court to ignore what is obvious in the procedural history and reward him for sitting for over six months and never challenging the joinder. He wants this Court to rule that intent of the joinder is shown more by his 'crystal ball' and not revealed by the court record. He wants to be rewarded for 'sitting on his laurels.'

In *Grafstrom v. Chiquita Brands Int'l, Inc.*, No. 11-387, 2011 U.S. Dist. LEXIS 39957 (E.D. Pa. Apr. 13, 2011) and *Doe v. Soc'y for Creative Anachronism, Inc.*, Nos. 07-1439, 07-1440, 2007 U.S. Dist. LEXIS 53644 (E.D. Pa. July 23, 2007), the amendment and joinder were challenged at the time they were proposed. Even in a Third Circuit Court of Appeals case cited by Defendant Stastney, *Hayden v.*

7

*Westfield Ins. Co.,* 586 F. App'x 835 (3d Cir. 2014), the joinder was challenged right away though the joinder was sought very late procedurally in the case.

In other cases, cited by Defendant Stastney, courts have ruled the opposite of what he is asking. In the case of *Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.*, No. CIV.A. 93-673, 1993 U.S. Dist. LEXIS 10678, at *3 (E.D. Pa. July 28, 1993) the court wrote "In this case, the balance of the equities favors permitting the amendment of the complaint to add BA Parkway as a defendant notwithstanding that [*11] doing so will deprive this Court of subject matter jurisdiction and require a remand of the action to state court." In *Stewart v. Wal-Mart Distrib. Ctr.*, No. CIV.A. 12-4958, 2013 U.S. Dist. LEXIS 51951 (E.D. Pa. Apr. 11, 2013) the court performed an extensive analysis. The court wrote that "Applying the Hensgens factors here, the Court finds that the factors weigh in favor of allowing the amendment of the Complaint and remanding this case to state court." *Id* at 11. Also in *Castle Cheese, Inc. v. Blue Valley Foods, Inc.*, No. CIV. A. 08-1158, 2008 U.S. Dist. LEXIS 91717, at *4 (W.D. Pa. Nov. 12, 2008) the court granted joinder and remanded the case to State Court. In another case cited by Defendant Stastney, *Montalvo v. Doe*, No. CIV.A. 10-2617, 2010 U.S. Dist. LEXIS 106143, at *9 (E.D. Pa. Oct. 5, 2010 the court wrote that "If the possibility exists that a state court would find the complaint sets forth a valid cause of action against an in-state defendant, I must find that joinder was proper and remand the case to state court."

## II.    THE IMPORTANCE OF DEFENDANT STASTNEY'S ORCHESTRATION OF THE CONSPIRACY IS WHY DEFENDANT WAS JOINED IN THE LAWSUIT.

Defendant Stastney concedes that the procedurally facts don't support his arguments. He argues intent of the joinder should be gleaned by other factors and the procedural history should be ignored. He further takes another 'bite at the apple" by again arguing for his Motion to Dismiss in his jurisdiction

brief that he requested from the Court and not just challenge the joinder issue. Defendant Stastney tries to argue that he was added to the lawsuit in a dilatory manner and only fraudulently joined. In essence, Defendant Stastney's argument is akin to **"Plaintiff knew how bad a guy that I, Stastney, was at the time he sued Alastair Crawford and thus should have sued me sooner than he did."** As stated, the extent of Defendants' Stastney, Gollop and Gola importance to the takeover was not known when the Original Lawsuit was filed.

As stated before, Defendant Stastney was known to be an immoral and unethical person, but he as the "mastermind" of the take-over was not known at the time[3] of the filing of the Original Lawsuit. It appears that Defendant Stastney even referred his former fund's law firm of Skadden Arps to Defendant Crawford to use in the steps for the take-over scheme. That is the same law firm that is representing Stastney's new company now.

That law firm sent Raja a proposal in 2019 to settle Defendant's Crawford's demands. They wrote "...*If you [Raja] wish to settle this prior to a filing please contact **Mr. Crawford immediately**.*" (clarification and emphasis added). That is among the reasons that Crawford was originally thought to be the mastermind; only afterwards was it learned that Defendant Stastney was more central and important to the conspiracy. An excerpt from a Private Placement Memorandum ("**PPM**") to an investor to solicit investment funds for Defendant Stastney's new company is very revealing of Defendant Stastney's desire to be the leader. He is now the "Executive Chairman" of the whole venture started from the Stream TV assets. It also shows that Defendant Stastney has Defendant Gola and Gollop lined up as designated directors of his new entity.

---

[3]   Remember, discovery has not yet even commenced in this case and only expedited limited discovery was performed in Delaware with none of these Defendants being parties.

## Officers and Directors

The executive team and directors are comprised of persons that have operational experience with consumer products and technology.  Most importantly, they have the experience on protecting technology from competitors and partnering the technology with strong market participants for growth.  Below are summaries of the backgrounds of the directors and key management personnel.  The research and development team are listed at the end in a group.

The following individuals are the Company's key executive officers and directors:

| Name | Positions |
| --- | --- |
| Shad L. Stastney | Executive Chairman and Board Member |
| Krzysztof Kabacinski | CEO-Designate and Board Member-Designate |
| Kevin Gollop | Board Member-Designate |
| Asaf Gola | Board Member-Designate |
|  |  |
|  |  |

That board composition was discovered right **before** Defendant Stastney was brought into Raja's Lawsuit. Defendant Stastney as well as Defendants Gola and Gollop are providing services in leadership positions to the new company that Defendant Stastney started with the assets of Plaintiff's employer Stream TV.   As stated, all three Defendants were joined in the lawsuit at the same time.

Plaintiff joined Defendant Stastney and the other two Defendants Gola and Gollop, when Plaintiff was confident, they went beyond what they were allowed to do under the law to things that are extreme and unnecessary and to actually committing a tort.  Plaintiff knew that Defendant Stastney was a 'bad guy' but that is not alone enough for a tort; conduct can be tortious if it is found to be unnecessary and punitive.  Those facts are what Plaintiff wanted in his possession before Stastney was joined to the lawsuit.

It was also learned recently that Defendant Stastney created two versions of the "Omnibus Agreement" which purported to take the assets away from Raja's employer Stream TV and gave Plaintiff Raja Rajan only an incomplete version so as to hide the massive NEW stock issuances for himself and Defendant Crawford. He did all that with the consent and authorization of Defendants Gola and Gollop.

Some courts don't even look at the 'motives behind the joinder.' In *Mount Olivet Tabernacle*

*Church v. Emerson Elec. Co.*, CIVIL ACTION NO. 96-8529, 1997 U.S. Dist. LEXIS 2053 (E.D. Pa. Feb. 26, 1997) that Court recited the law:

> *It is settled law, however, that the **motivational reasons for joinder** -- even the very desire to defeat removal -- are irrelevant to the determination as to whether that removal was proper. The Supreme Court of the United States has held that, in a removal proceeding the motive of a plaintiff in joining defendants is immaterial . . .. Where there is [] prima facie joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent and will not justify a removal from the state court. (emphasis added)*

Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 189, 52 S. Ct. 84, 87, 76 L. Ed. 233 (1931); Jaffe v. Philadelphia & W. R. Co., 180 F.2d 1010, 1012-13 (3d Cir. 1950); *cf. Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation omitted) ("the fact that the plaintiffs' motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder"); Moorco Int'l v. Elsag Bailey Process Automation, 881 F. Supp. 1000, 1006 (E.D. Pa. 1995) ("there is nothing improper about formulating and executing an effective litigation strategy, including selecting the most favorable forum for the client's case. Thus, joinder cannot be deemed fraudulent because [plaintiff] finds it advantageous to pursue . . . claims in . . . state court").  In this case, as argued above, the joinder was proper; Defendant Stastney was the puppet master pulling all of the strings to take the actions that have caused very personal negative consequences to Plaintiff Raja Rajan.

   A new legal action that was recently filed in California State court on October 8, 2021, provides further support of what Defendant Stastney did in his takeover of Raja's employer, Stream TV.  The action was filed by a former employee of Stream TV alleging that Defendant Stastney's new company is not paying him, despite written promises to him. The complaint in that action is attached hereto as **Exhibit B**.  Specifically in paragraphs 31-33 of Exhibit B, the former employee alleges facts about Defendant Stastney's plot that Plaintiff Raja Rajan alleges in this case.  He alleges that

11

…SeeCubic (Defendant Stasteny's new company from assets of Raja's former employer Stream TV) used Plaintiff as façade, a showpiece designed to convince investors of the solid continuity from Stream TV to SeeCubic. **It was a ruse to** convince investors who came over from Stream TV that there was a product commercialization plan and a team headed by Plaintiff to execute that plan. In truth, SeeCubic's high volume growth projections were false." "….SeeCubic (Defendant Stasteny's new company from assets of Raja's former employer Stream TV) now controlled the assets by court order and it has hired Plaintiff and his team to carry on." "….never intended to fulfill the promises they made to Plaintiff on behalf of SeeCubic. Instead, they used Plaintiff **to gain control over Stream TV's assets** and to convince investors and shareholders that there was a path towards product development at SeeCubic." (Emphasis and clarifications added)

That former employee has brought claims in the nature of 1) Fraud (False Promise), 2) Fraud (Misrepresentation), 3) Negligent Misrepresentation, 4) Breach 0f Contract, 5) Breach of Covenant of Good Faith and Fair Dealing, 6) Labor Code -Waiting Time and Penalties, and 7) Unfair Competition.

It is becoming more and more evident that Defendant Stastney went beyond simply being an immoral person to planning and executing tortious conduct. Defendant Stastney is central to this lawsuit and his joinder had nothing to do with diversity jurisdiction.

It is illogical to argue that such a bad person was joined in a lawsuit "fraudulently" when the claims against him have so much detail already before formal discovery. Defendant Stastney's own words reveal how central he is to this lawsuit:

    a)  <u>iMessage Message received from Shad Stastney 2/26/2020 10:24:34 AM to Plaintiff Raja</u>

Sorry, last point, please also prepare one-page amendments to your contract and Mathu's contracts changing titles and roles (role is "as directed by the Board"), and please amend my contract to change my title to Executive Chairman of the Board of Directors, change my term to "for as long as he serves on the Board of Directors of the Company, lower my salary to $250,000, and to remove the severance portions of my contract.

    b)  <u>iMessage Message received from Shad Stastney 2/20/2020 2:45:10 PM to Plaintiff Raja</u>
**I completely understand it's not about you.** … If you refuse on their behalf, we will end up in bankruptcy, they will all be wiped out, and they will eventually **blame you for it**. The best thing you can do for the shareholders **is to step aside.** (emphasis added)

    c)  <u>*iMessage Message received from Shad Stastney 1/27/2020 10:19:59 AM to Plaintiff Raja*</u>

*Raja, this process is about the blame game. The only reason the company
is in this position is Mathu fraud and failure. Nearly all of the shareholders
feel misled by him, and that is why you have the lawsuit(Alastair Crawford's lawsuit). And he
has failed to raise the capital he as said was coming for the past 5 years, and that is why you
have the pending default. You cannot steer around that or pretend this is a friendly,
successful <u>"exit" for the Rajans. It is not.</u> The contributions
you have made need to be acknowledged, and they are with the ongoing
ownership. But so do the glaring failures, and even more than that, the
constant lying about it. And let's just be clear—<u>when we say "Rajans", it's
Mathu. But because you've stood by him, you wear some of the dirt.</u> I
understand you're very uncomfortable in this situation, and I would be too.
<u>You have a family, you have a life, you have real downside</u> that Mathu
doesn't. He will simply disappear when this goes bad—you will be wearing it
very day. If it were me, I would not allow my family to be dragged down by
my brother's fraud and delusions, no matter how much I love him. So I hope
that within the family, you're able to allocate the risks based on who created
them. But from our standpoint, that is none of our business—we can only
say what you need to accept to get this done, not who within your family
bears it. <u>That is up to you.</u>(emphasis and clarification added)*

As stated above, Defendant Stastney was not added to the lawsuit by himself alone; others were
also added at the same time. Defendants Gollop and Gola were also added at the time of the amendment.
Defendant Gollop admitted the intent of Defendants' actions when he wrote that "…Rest assured that
everything we did, **essentially a coup**, was based upon legal advice received." (Emphasis added).  That
Defendant like all other Defendants followed the direction of Defendant Stastney to perform that
"coup." Furthermore, Stastney was the individual who provided the "legal advice" for Gollop and
others.

In *Starkey v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:21-CV-00653-MJH, 2021 U.S. Dist.
LEXIS 136153 (W.D. Pa. July 21, 2021), after the court considered joinder, the court remanded the
entire case to the State court.

Another Court in this district, noted that

**Defendants argue** that they can carry this **heavy burden** of showing fraudulent joinder …
Defendants have not met the "subjective" component of the fraudulent joinder test because they have
produced no evidence that Spangenberg had "no real intention in good faith" to prosecute the action

13

against them or seek a joint judgment (Emphasis added)

In *Spangenberg v. McNeilus Truck & Mfg.*, No. 18-cv-4915, 2019 U.S. Dist. LEXIS 73677 (E.D. Pa. May 1, 2019). Defendant filed a Motion to Dismiss such as in this case. However, Plaintiff filed a Motion for Remand to State Court where the issue of jurisdiction was determined. The Court remanded the whole case to State Court after thorough deliberation.

As articulated in Plaintiff's brief opposing Defendant's Motion to Dismiss, Defendant Stastney along with the other Defendants agreed to an otherwise lawful act in an unlawful manner. The facts of that conspiracy should be adjudicated by the State Court with all the Defendants. Stastney's liability and the portion of his wrong doing compared with Defendants Gola, Gollop, and Crawford should be determined together. Defendant Stastney should not be allowed to create a legal quagmire now after he, along with all the other Defendants, simply filed dismissal motions and never challenged his joinder or jurisdiction after over six months lapsed.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Raja Rajan respectfully requests that the Court remand the whole case to Commonwealth of Pennsylvania State Court where it originated.

14

Respectfully submitted,

**Raja Rajan, PRO SE**

Raja Rajan, Pro Se
2009 Chestnut Street, 1st Floor
Philadelphia, Pennsylvania 19103
Telephone: 267-566-0355
Email:
streamtvnetworkinc@gmail.com
7raja.rajan7@gmail.com

*Pro Se Plaintiff*

Dated: October 26, 2021

15

## <u>CERTIFICATE OF SERVICE</u>

I, Raja Rajan, Pro Se, hereby certify that on October 26, 2021, true and correct copies of

the foregoing Response Brief for Jursidiction to the parties listed below as follows:

| | |
|---|---|
| **ECKERT SEAMANS CHERIN & MELLOTT, LLC**<br>David M. Laigaie, Esquire (I.D. No. 63010)<br>Shari Maynard, Esquire (I.D. No. 324278)<br>50 South 16th Street, 22nd Floor<br>Philadelphia, PA 19102<br>Tel: (215) 851-8400 \| (215) 851-8383 (fax)<br>*dlaigaie@eckertseamans.com*<br>*smaynard@eckertseamans.com*<br>***Attorneys for Defendant Asaf Gola*** | **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**<br>Alexander Owen<br>Marc S. Raspanti, Esquire<br>Douglas K. Rosenblum, Esquire<br>1818 Market Street, Suite 3402<br>Philadelphia, Pennsylvania 19103<br>***Attorneys for Defendant Alastair Crawford*** |
| **BALLARD SPAHR LLP**<br>Terence M. Grugan, Esquire (ID No. 307211)<br>Emilia McKee Vassallo, Esquire (ID No. 318428)<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Telephone: 215-665-8500<br>grugant@ballardspahr.com<br>mckeevassalloe@ballardspahr.com<br>***Attorneys for Defendant Shadron Stastney*** | |

By: */s/ Raja Rajan, Pro Se Plaintiff*

Date: October 26, 2021