IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJA RAJAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ALASTAIR CRAWFORD,** | : | |
| **SHADRON STASTNEY, ASAF** | : | |
| **GOLA and KEVIN GOLLOP** | : | **NO. 21-1150** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                    **February 2, 2022**

Plaintiff Raja Rajan filed this action asserting state law claims against defendant Alastair Crawford in state court. Crawford removed the action, asserting federal subject matter jurisdiction based upon diversity of citizenship. After removal, Rajan filed an amended complaint naming three new defendants, one of whom is nondiverse. Thus, we must decide whether the post-removal addition of the nondiverse party destroys diversity jurisdiction.

Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we must remand a case *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because Rajan and one of the defendants are citizens of the same state, diversity jurisdiction does not exist. Therefore, we shall remand.

### Background

Rajan filed a complaint against Crawford in the Court of Common Pleas of

Philadelphia County, Pennsylvania.[1] In his complaint, Rajan did not allege his citizenship. Nor did he allege the citizenship of Crawford, the only defendant at the time. Instead, Rajan alleged his employment address in Philadelphia, Pennsylvania,[2] and Crawford's residency in the United Kingdom.[3]

Crawford timely removed the action based upon diversity of citizenship.[4] In his notice of removal, he alleged that he "was and is a resident and citizen of the United Kingdom,"[5] and Rajan "was and is a resident and citizen of the State of New Jersey."[6]

Crawford then filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[7] Twenty days later, Rajan filed an amended complaint, adding Shadron Stastney, Asaf Gola, and Kevin Gollop as defendants.[8] Again, Rajan did not allege his state of citizenship. He gave his employment address in Philadelphia, Pennsylvania.[9] He alleged that Crawford and Gollop are residents of the United Kingdom,[10] Stastney is a resident of New Jersey,[11]

---

[1] Def.'s Notice of Removal Ex. A, Compl., ECF No. 1-1.

[2] *Id.* ¶ 20.

[3] *Id.* ¶ 21.

[4] Def.'s Notice of Removal ¶¶ 3–8, ECF No. 1.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 5.

[7] Def. Alastair Crawford's Mot. to Dismiss the Compl. at 1, ECF No. 11.

[8] First Am. Compl. ¶¶ 34–36, ECF No. 15. Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to "amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

[9] First Am. Compl. ¶ 32.

[10] *Id.* ¶¶ 33, 36.

[11] *Id.* ¶ 34.

and Gola is a resident of New York.[12]  The affidavit of service reflects that Stastney was served "at his home address of 392 Taylor Mills Road, Marlboro, NJ 07746."[13]

Because it appeared that Rajan and Stastney are both residents of New Jersey,[14] we ordered each to file an affidavit attesting to his state of citizenship.[15]  Rajan responded that he has "been domiciled and a resident of New Jersey from 2007 to present."[16] Stastney confirmed "his state of citizenship as New Jersey."[17]

## Analysis

Federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity must be complete. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). Thus, where a plaintiff and a defendant are citizens of the same state, the federal court does not have diversity jurisdiction.  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citation omitted).

When removal is based on diversity, complete diversity between parties must exist at the time the complaint is filed and at the time of removal.  *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150–51 (3d Cir. 2017) (citations omitted).  Although diversity jurisdiction existed at the time of removal, the addition of a nondiverse defendant destroys it.  28

---

[12] *Id.* ¶ 35.

[13] Aff. of Service on Shadron Stastney ¶ 2, ECF No. 20.

[14] First Am. Compl. ¶ 34; Def.'s Notice of Removal ¶¶ 1, 4–6; Aff. of Service on Shadron Stastney ¶ 2.

[15] Order, ECF No. 40.

[16] Aff. of Raja Rajan ¶ 3, ECF No. 43.

[17] Notice of Filing Shadron Stastney's Aff. of Citizenship at 1, ECF. No. 45; *id.* Ex. A, Aff. of Shadron Stastney ¶ 2, ECF No. 45-1 ("I reside in and am a permanent resident of the state of New Jersey.").

U.S.C. § 1447(e). When an indispensable nondiverse party is added after proper removal, remand is mandated. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010–11 (3d Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1447(e). However, if the nondiverse defendant was added to defeat diversity jurisdiction, that defendant must be dismissed to maintain jurisdiction. *Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 826 (E.D. Pa. 2018) (citations omitted).

Diversity of citizenship existed at the time of removal. Rajan was a New Jersey citizen and Crawford was a United Kingdom citizen. The addition of Stastney as a defendant destroyed diversity jurisdiction because he and Rajan are citizens of the same state, New Jersey.

Stastney contends Rajan purposefully added him as a defendant in the amended complaint to destroy diversity jurisdiction.[18] He argues we should exercise our discretion under 28 U.S.C. § 1447(e) to dismiss Stastney as a defendant and retain jurisdiction.[19]

Section 1447(e) addresses motions to join a party where joinder would destroy subject matter jurisdiction. 28 U.S.C. § 1447(e). It provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* It does not appear to apply to the addition of a party in an amended complaint filed of right. Nonetheless, we shall apply the same analysis as if Rajan had moved to join Stastney.

---

[18] Def. Shadron Stastney's Mem. in Resp. to the Ct.'s Oct. 12, 2021 Order at 3–4, ECF No. 48.

[19] *Id.* at 1–2.

The Third Circuit has not addressed the appropriate analytical approach to § 1447(e).  *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840–41 (3d Cir. 2014).  However, district courts within the Third Circuit have adopted the Fifth Circuit's analysis in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).[20]  *Aldorasi*, 344 F. Supp. 3d at 826–28 (applying the *Hensgens* factors); *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746, 752–53 (D.N.J. 2008) (citing district court cases applying *Hensgens* factors).  The Fifth Circuit considers four factors in considering whether to grant or deny a post-removal joinder of a nondiverse defendant.  The *Hensgens* factors are: (1) plaintiff's motive for joining the nondiverse party; (2) unexplained delay in seeking joinder; (3) injury to plaintiff if joinder is denied; and (4) equitable factors.  *Hensgens*, 833 F.2d at 1182.

The threshold factor is the plaintiff's purpose for joining the nondiverse defendant.  If the purpose was to destroy diversity jurisdiction, there is no need to consider the other factors.  In that case, the nondiverse defendant will be dismissed to preserve jurisdiction.

Rajan did not add Stastney as a defendant to defeat diversity.  Had that been his intention, he would not have alleged his address as Philadelphia instead of New Jersey in his original complaint and in his amended complaint.  It is apparent that at the time he filed his amended complaint, Rajan was unaware that adding Stastney as a defendant would destroy diversity jurisdiction.  Had he known, he would have alleged his New Jersey

---

[20] *See, e.g., Mersmann v. Cont'l Airlines*, 335 F. Supp. 2d 544, 547, 555–56 (D.N.J. 2004); *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 357–59 (D.N.J. 1998); *Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 579–80 (E.D. Pa. 1991); *Camilli v. Wal-Mart Stores, Inc.*, No. 18-2849, 2019 WL 1432481, at *3–7 (E.D. Pa. Mar. 28, 2019); *Taylor v. GGNSC Phila., LP*, No. 14-7100, 2015 WL 5584781, at *4–7 (E.D. Pa. Sept. 23, 2015); *Stewart v. Wal-Mart Distrib. Ctr.*, No. 12-4958, 2013 WL 1482217, at *2–4 (E.D. Pa. Apr. 11, 2013); *Doe No. 4 v. Soc'y for Creative Anachronism, Inc.*, Nos. 07-1439, 07-1440, 2007 WL 2155553, at *3–5 (E.D. Pa. July 25, 2007); *Bretan v. Knowledge Learning Corp.*, No. 06-1456, 2006 WL 2376743, at *2 (D.N.J. Aug. 16, 2006).

citizenship rather than alleging his Pennsylvania business address. Thus, we find Rajan did not add Stastney to defeat diversity jurisdiction.

The remaining factors weigh in favor of remand. Rajan did not delay adding Stastney. He added him in his timely amended complaint filed as a matter of right after the original defendant filed a motion under Rule 12(b)(6). *See* Fed. R. Civ. P. 15(a)(1)(B).

If Stastney is dismissed, Rajan will be required to prosecute two separate actions in different courts. He would have to pursue this action against the remaining defendants in this court while litigating his case against Stastney in state court. Simultaneously litigating the cases in two courts would increase Rajan's time and expenses. It would also impose a burden on judicial resources.

There are no equitable factors implicated.

## Conclusion

Rajan and Stastney are citizens of the same state. Therefore, because diversity is not complete, we shall remand this action pursuant to Section 1447(e) for lack of subject matter jurisdiction.